IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BRYANT VAUGHN                                                                      PETITIONER

v.                                                                              No. 2:06CV213-M-A

RONALD W. KING, ET AL.                                                         RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Bryant Vaughn for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered the petition. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

**Facts and Procedural Posture**

The petitioner is in the custody of the Mississippi Department of Corrections and is currently housed at the South Mississippi Correctional Institution in Leakesville, Mississippi. Vaughn was convicted of murder in the Circuit Court of Coahoma County, Mississippi, and sentenced to serve life in the custody of the Mississippi Department of Corrections. State Court Record (S.C.R.), Vol. 1, pp. 10-11. The petitioner appealed his conviction and sentence to the Mississippi Supreme Court, assigning as error the following (as stated in the Brief of the Appellant):

A. Verdict Against the Overwhelming Weight of the Evidence.

On February 9, 2006, the Mississippi Supreme Court entered a *per curiam* affirmance of Vaughn's conviction and sentence. *Vaughn v. State,* (Cause No. 2005-KA-00658-SCT). The petitioner filed an "Application for Leave to File Motion to Vacate and Set Aside Conviction and

Sentence" in which he raised the following issues (set forth verbatim below as stated by the petitioner):

> A. The court was without jurisdiction where the indictment provided insufficient evidence as charged.
>
> B. The court erred in overruling petitioner's objections to State's Exhibits S4, S6, S7, S8, S9 and S10.
>
> C. The court erred in granting jury instruction S1A (C-80).
>
> D. The court erred in refusing jury instruction S1B.
>
> E. The court erred in allowing the State to introduce evidence via testimony of Napoleon Brewer of having been called to the residence of Shirley Miller at 436 McKinley and his actions while there.
>
> F. The court erred in overruling petitioner's objection to the district attorney's final argument in arguing a matter outside of the record namely the action of Travion Jones shortly after the murder of his mother.
>
> G. The petitioner was denied his constitutional right to testify on his behalf at trial; and to call witnesses to testify on his behalf at trial.
>
> H. The petitioner was denied his Sixth Amendment right to effective assistance of counsel at trial, and on direct appeal, as guaranteed under the United States Constitution.

On May 10, 2006, the Mississippi Supreme Court denied the petitioner's application, holding:

> The panel finds that this motion is in the nature of a Petition for Post-Conviction Relief and shall be treated as such. After due consideration, the panel finds that Vaughn's claims that he was denied effective assistance of counsel both at the trial and appellate levels fail to meet the standards required by *Strickland v. Washington*, 466 U.S. 668 (1984). Regarding the remainder of Vaughn's claims, the panel finds that they are procedurally barred by Miss. Code Ann. § 99-39-21(1).
>
> Further, the panel finds that Vaughn has failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5).

Accordingly, Vaughn's application for post-conviction relief should be denied.

(Cause No. 2006-M-00609).

The petitioner filed the instant petition for a writ of *habeas corpus*, raising the following claims for relief (as stated by the petitioner – except for the individual claims of ineffective assistance of counsel, which have been summarized by the court in the interest of clarity):

**Ground One** - Verdict against the overwhelming weight of the evidence.

**Ground Two** - Denial of effective assistance of counsel at trial and direct appeal.

    (1) Appellate counsel

        (a) failed to raise an issue challenging the district attorney's statement during closing

        (b) failed to raise an issue challenging the indictment

    (2) Trial counsel

        (a) failed to object to the validity of the indictment

        (b) failed to call alibi witnesses Shirley Miller, Derrick Taylor and Rico Vaughn who would have testified that Vaughn was somewhere else at the time of the crime.

The petitioner mentions an additional allegation that trial counsel failed to object to a statement made by the district attorney in closing arguments. The petitioner later acknowledges that counsel actually objected to the argument in question – but did not present the issue on appeal. The court has thus discussed this issue only in the context of ineffective assistance of appellate counsel.

**Grounds Reviewed on the Merits in State Court**

The Mississippi Supreme Court has already considered Grounds One and Two on the

merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct

governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One and Two of the petitioner's claim.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues already decided on the merits.

**Ground One: Verdict Against the Overwhelming Weight of the Evidence**

In Ground One, the petitioner argues that the verdict of the jury was against the overwhelming weight of the evidence. This issue was presented to the Mississippi Supreme Court on direct appeal of Vaughn's conviction and sentence, and that court entered a *per curiam* affirmance. "A federal habeas court has no power to grant habeas relief because it finds that the state conviction is against the 'weight' of the evidence . . . ." *Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123, 106 S.Ct. 1991, 90 L.Ed.2d 672 (1986). The weight of the evidence is decided by the trial jury and, if found to be inadequate, the remedy is a

new trial. The Mississippi Supreme Court examined the evidence in this case and determined – without written opinion – that the petitioner's conviction and sentence should be affirmed. As discussed below, this holding is clearly supported in the record.

## Summary of the Evidence

Takieki "Mussy" Jones was shot in the head with a .25 caliber pistol while she was at home in her bed at approximately 3:30 a.m. on July 31, 2004. The state introduced evidence that the petitioner Bryant Vaughn had visited the victim, his girlfriend, in the evening before she was shot. Bryant Vaughn and Mussy Jones has a tumultuous relationship; they frequently fought. The medical examiner testified that the victim died of a single gunshot wound to the head from a .25 caliber pistol. The investigation revealed that she had been shot while she was in her bedroom – in the presence of her two boys, ages five and three. Police investigators and Mussy's mother testified that Mussy never regained consciousness after she was shot.

Mussy's five-year-old son, Trevion Jones, witnessed the attack, as did his three-year-old brother. Trevion testified that he had turned on the television in the bedroom he shared with his mother and was watching television when the petitioner Bryant Vaughn knocked on the door to the house. Mussy turned the television off, let Vaughn in, and got back into the bed. Vaughn then entered the bedroom and shot Mussy Jones in the head. He then fled. Trevion tried to wake up his mother, but could not.

Mussy's mother heard a loud "pop," which she at first attributed to a mop falling to the floor. Then she decided that the "pop" was too loud for a mop handle striking the floor, and she went to investigate. She found her daughter Mussy in bed as if asleep, but with a bullet hole in her head. Mussy was still breathing – snoring – but could not be roused. Her mother then

checked on the boys, secured the house, and ran to her son's house four doors down to call for help. Medical personnel arrived first and took Mussy to the hospital; she was transferred to The Med in Memphis, Tennessee, where she died about two months later. By the time police investigators arrived, medical personnel had already moved Mussy Jones to a gurney for transport to the hospital.

In light of the evidence summarized above, the petitioner's claim that the evidence was insufficient to support the jury's verdict of guilty is without merit. The state court's finding to this effect was reasonable in fact and in law. As such, this ground shall be dismissed with prejudice.

### Ground Two: Ineffective Assistance of Counsel

In Ground Two, the petitioner raises several claims of ineffective assistance of both trial and appellate counsel. He presented these claims to the Mississippi Supreme Court in his application for leave to proceed, and the court found that they failed to meet the standard as set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). To merit *habeas corpus* relief on a claim of ineffective assistance of counsel, a petitioner must prove both constitutionally deficient performance by counsel – and actual prejudice as a result. *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either element of the *Strickland* test warrants rejection of the claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. The court must analyze counsel's actions based upon the circumstances at the time – and must not use the crystal clarity of hindsight. *Lavernia v.*

*Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988).  The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted).  To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

### Failure to Object to the Indictment

The petitioner argues that his attorney should have objected to the indictment because it charged him with a murder that occurred on July 31, 2004, while testimony at trial established that the victim did not die until two months later.  This argument is meritless.  The indictment stated that the petitioner "on or about July 31, 2004 . . . did unlawfully, wilfully and feloniously, without the authority of law, and with deliberate design to effect death, did kill and murder a human being, to-wit: Takieki 'Mussy' Jones . . ."  S.C.R., Vol. 1, p. 2.  The indictment complied with state law because it put the petitioner on notice of the charge against him.  Unif. R. Cir. and Co. Ct. Practice 7.09; *Brawner v. State*, 947 So. 2d 254, 265 (Miss. 2006) (The purpose of an indictment is to provide reasonable notice to the accused so that he can prepare an adequate defense).  Testimony at trial established that the victim lived for two months in a coma, but ultimately died as a result of the gunshot wound to her head that the petitioner inflicted on her July 31, 2004.  Thus, the indictment put the petitioner on notice of the charge against him, and, therefore, counsel had no basis to lodge an objection.  Counsel's decision not to object to the indictment was thus reasonable because the indictment was proper. *Clark v. Collins,* 19 F.3d

959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.").

**Failure to Call Alibi Witnesses**

The petitioner also argues that trial counsel was ineffective for failing to call alleged alibi witnesses – Shirley Miller, Derrick Taylor and Rico Vaughn. The petitioner stated in his state court pleadings that counsel was aware of these witnesses and that they were under subpoena, but he did not call them to testify. Motion to Vacate in Cause No. 2006-M-00609, p. 22. "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Sayre v. Anderson,* 238 F.3d 631, 635-36 (5th Cir. 2001) (citations omitted). The decision to call a particular witness is a matter of trial strategy.

Shirley Miller was the petitioner's wife. Testimony at trial established that she had called police about the petitioner earlier on the night of the murder about a domestic dispute. The police arrived at the petitioner's home and removed him.

According to the petitioner's state court pleadings, the other two men saw him at a truck stop some time after the murder. Motion to Vacate in Cause No. 2006-M-00609, pp. 4-5. Motion to Vacate in Cause No. 2006-M-00609, p. 22. Counsel decided that these witnesses would either add nothing to the defense or do more harm than good for the defense. In addition, determining the content of the future testimony of these witnesses is pure speculation. Nothing in the record supports a finding that counsel's decision not to call the witnesses was in error. The petitioner has thus failed to show that trial counsel was ineffective.

## Ineffective Assistance of Appellate Counsel

The petitioner also challenges counsel's performance on appeal, arguing that counsel was ineffective for failing to raise two issues for the appellate court's review. The petitioner claims that appellate counsel should have challenged (1) the district attorney's statement during closing, and (2) the validity of the indictment. The petitioner's claims of ineffective assistance of appellate counsel are also governed by the *Strickland* standard. *Evitts v. Lucey*, 469 U.S. 387, 397-399, 105 S.Ct. 830, 83 L.Ed. 2d 821 (1985). Counsel is not required to bring a particular issue on appeal – even if a criminal defendant so requests. *Foster v. State,* 687 So. 2d 1124, 1138 (Miss. 1996) (Defense counsel assigned to prosecute appeal from criminal conviction does not have a constitutional duty to raise every nonfrivolous issue requested by defendant). "A brief that raises every colorable issue runs the risk of burying good arguments . . . ." *Jones v. Barnes,* 463 U.S. 745 (1983) (citations omitted). The decision to pursue certain issues on appeal was one of strategy, and the petitioner has not proven that appellate counsel's strategy was defective.

As discussed above, the indictment was valid. As such, counsel cannot be held at fault for failing to challenge it. The petitioner has shown neither deficiency nor resulting prejudice in counsel's failure to argue this point on appeal. The closing arguments of the prosecution were also valid. The prosecutor, in rebuttal to defense closing arguments, summarized the evidence regarding the reliability of eyewitness identification and the factors set forth in Jury Instruction C-81. S.C.R, Vol. 1, pp. 34-35. In discussing whether the very young witness gave a description of the shooter, the prosecutor stated, "No, he didn't give a description because he gave a name. Why give a description when you know the person, you gave the name." Defense counsel

objected, arguing, "there is nothing that says that he gave a name immediately afterward." Counsel's objection was overruled by the trial court. Mississippi attorneys are given wide latitude in closing arguments. *Caldwell v. State,* 938 So. 2d 317, 320 (Miss. App. 2006).

Counsel's argument was not outside the bounds of the evidence, as testimony at trial established that on the night of the shooting the victim's son, Trevion Jones, identified Bryant Vaughn as the person who shot his mother. Officer Danny Hill testified that during the time he was at the house after initially responding to the call, Officer Brewer let him know that Trevion had seen who shot his mother. Based on that information, Officer Hill interviewed young Trevion Jones and took his statement. Further, Officer Robbie Linley testified that he knew who the suspect was before he left the crime scene. Therefore, the prosecutor's argument that Trevion did not have to give a description because he gave a name was not outside the evidence before the jury. Finally, the court instructed the jury that arguments in closing are not evidence – and if their recollection of the evidence differs from those arguments – they should defer to their own recollection. Jury Instructions C-1 and C-12 at S.C.R., pp. 24-26; 28. Jurors are presumed to follow the directions of the trial judge. *Caldwell,* 938 So. 2d at 321. As such, even if counsel had argued outside the evidence, the instructions C-1 and C-12 eliminated such error. Therefore this claim is without merit and shall be dismissed.

The Mississippi Supreme Court was correct in finding that counsel was effective on appeal. The petitioner suffered neither deficiency nor prejudice, and that decision was neither contrary to nor an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1); *see also Gachot v. Stalder,* 298 F.3d at 421 (5th Cir. 2002). Accordingly, petitioner is not entitled to relief on his claims in Ground Two of the instant petition.

In sum, the instant petition for a writ of *habeas corpus* shall be dismissed with prejudice.

A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of July, 2007.

                                       **/s/ Michael P. Mills**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**